

Mary A.Ferguson,Appellant

vs

B.A.Murphy

No.8750

Charles F.Claiborne,Judge .

March 19 th 1923 .

Mary A.Ferguson,Appellant.

vs                                              No.8750

B.A.Murphy.

Charles F.Claiborne,Judge.

This is a damage suit.

The plaintiff alleged that the defendant is the owner and operator of a carousel,or " flying-horse " located in the City Park for the amusement of men,women,and children,and especially the latter,charging a fare,for the use thereof;that the carousel consists of a circular platform upon which are wooden horses and other animals upon the backs of which the patrons sit while the platform itself revolves;that the horses are about four feet from the floor of the platform making it difficult for small children to mount upon them without assistance;that at the expiration of three minutes of circular motion of the platform it is stopped to permit patrons who have ridden thereon to alight,and to allow others to get upon the platform to ride; and when no more persons desire to ride the platform is again put in motion;and while in motion,an agent of the carousel moves around the platform and collects fares from the patrons thereon; that the platform is about six inches above the floor of the Carousel;that on June 28th 1920 petitioner entered the carousel with her two grand nephews Joseph V.Ferguson,aged nine years and William Ferguson,aged three years;that petitioner boarded the platform of said carousel with William Ferguson to help him to a seat upon the back of one of the horses;that after placing her aforesaid grand-nephew,William Ferguson on said platform,and before the said platform had begun to revolve,proceeded to alight therefrom;and that as she placed her right foot upon the floor of the building-housing said carousel,and before she could remove her left foot from the circular platform,the agent and employee of defendant suddenly and without warning of any kind whatsoever started the same in motion with the result that petitioner's

left foot being pulled suddenly forward,caused ~~petiener~~ petitioner to be thrown violently to the floor of the building injuring petitioner as hereinafter set forth.xxx that without making any effort whatsoever to observe petitioner,and the side on which petitioner was standing,and utterly without giving petitioner any warning that he was about to start the platform in motion again,and without affording petitioner an opportunity to safely alight therefrom,the said agent and employee of the defendant, recklessly and negligently started the said platform again in motion throwing petitioner to the floor as aforesaid;xxx that at the time petitioner got aboard of said circular platform it was stopped,and petioner boarded same for the reasons aforesaid,and then proceeded to alight before it had resumed its motionxxx " ; that after the accident petitioner was taken to the Touro Infirmary where an examination disclosed that her right thigh was broken;that she remained in bed for about two months and up to this day is unable to walk without pain and is compelled to use crutches.

She claims $817.70 for actual expenses,and $5,000 for suffering and for disability.

The defendant admitted ownership of the carousel, admitted that an agent went around and collected fares after the commencement of the ride,admitted that the platform is about six inches from the floor of the building;and admitted that the platform was put in motion after it became evident that no more persons desired to step upon it."The defendant denied all the other allegations of the petition,and further answering averred:

" That in operating the carousel he uses every care and precaution and that a bell or gong is usually sounded before the carousel begins to move and every one receives warning thereby not to get on or off of the said carousel after said bell or gong is sounded;that if the said plaintiff had paid attention to this warning she may not have been injured,if she was injured

61

at all to the extent stated in her petition;that the said carousěl started off very slowly and does not get in full operation until it has made threem or four rounds,and it does seem ompossible that the said plaintiff had been so injured as stated in her petition,unless she deliberately jumped off the said machine while in full motion,and if she had used every proper precaution and care and not acted in a carelss and negligent manner she would not have been injured as she so alleges in her petitĥon. Respondent further alleges that he has been operating the said carousel in the City Park for more than ten years,and the same is being operated with every care and precaution and proper warning given to all patrons and that he has no knowledge of any such accident having occurred to the extent mentioned in plaintiff'š petition and if such did occur it was really due to the fault and carelessness and negligence of the other party and through no fault of his."

There was judgment for defendant and plaintiff has appealed.

Plaintiff has supported most of her allegations by her testimony.She has been corroborated in the main by the testimony of her grand-nephew living with her,a child nine years old at the time of the accident,and eleven years old on the day he testified.

In commenting upon the value of the testimony of children the Supreme Court of our State in Hubener vs RRD.23 A 493,quotes Ram on Facts who says:

"When a child is a witness it will be natural to meeå receive its evidence with proper caution.xxx and there is danger lest a child should borrow something from its imagination,or from what it has heard other people say,and so amplify facts beyond their just measure and etc. 142 La 652 .

The two questions for determination are:

1 st        Whether the defendant was guilty of negligence,for negligence iš the basis of this action; and

2nd        Whether the plaintiff did not contribute, by her negli-
gence, to bring about the injury upon herself ?

          The evidence is that parents and nurses with children
get aboard the platform to put the children upon the horses,
and then, either stay upon the platform themselves or get off.

          The defendant testifies that he has been living in
this City for the last twenty two years, during which time he
has been operating flying horses in this City; that he has
been in the business for thirty five years; that he operates
three carousels in this City; one in the City Park, a second
at Audubon Park, and the third at Spanish Fort; he erected the
one at the City Park where the accident occurred; he builds
carousels from the ground up, platforms, horses and all; they are
moved by electricity; they start slowly and very gradually;
it takes two or three turns to get them at full speed; if they
did not start slowly, but with a jerk, there would be nothing
left of the machine, it would all be upon the ground; it is a
physical impossibility for any one to get hurt, if they should
fall off while the machine is merely starting; he has never
heard of an accident like the one to plaintiff.

          The operator of the machine testifies that he has
been so employed on the defendant's carousel for nine years,
and that he always sounds a gong before he starts and when he
stops, and that he sounded the gong on this occasion.

          This testimony establishes in a conclusive manner
that the defendant manages his carousel in a prudent and care-
ful manner, and that an experience of nine years in the City
Park and of more then twenty years in this City has been free
of any accident under such management. There is no evidence that
the carousel on this occasion was managed in a different way;
nor is there any act of negligence signalized on the part of
the defendant. The only charge is that while the carousel was
stationary, the plaintiff proceeded to get off of it, and while
she had the right foot upon the floor of the building and the

63

left foot still upon the platform, the carousel started to turn. Assuming that testimony to be correct it constituted no negligence on the part of the defendant for four reasons: The first was that a bell was rung to give notice that the carousel was about to start; the second was, that even if no bell was rung, or, being rung, was not heard by the patron, he incurred no risk of injury if he got off the platform without delay; the third was, that grown persons getting on the platform to assist children often remained upon it with them, and the operator could not guess their intention to get off; and the fourth was, that from an experience of many years no patron alighting from the platform at a short interval of time after it had started, had ever got hurt, and therefore, the defendant was not put upon his gueard as to the possibility of such an accident as that which happened to plaintiff.

No accident of that kind had ~~been even~~ ever happened, and therefore, as was said in Olivier vs Majors 145 La 819 ; " It was not a danger that should have been anticipated and guarded against." and therefore there was no negligence in not guarding against it-49 A 1184 (1196 ) 34 A 145-118 N.W.812 .
6 Ct-App 169 — 8 Ct App. 217
" Previous satisfactory operation of instrumentality protects one from imputation of negligence".Labat Master and Servant p.288-S.135-A and E.E.Law p.490 note 2-48 A 1180-115 La 974- .

" As a general rule when an appliance, or machine, or structure, not obviously dangerous, has been in daily use for years and has uniformly proved adequate, safe, and convenient, its use may be continued without the imputation of culpable imprudence or carelessness." 106 N.Y. 136 (141) .

II.    But while the plaintiff testifies that she was in the act of getting off, and that the carousel started before her left foot had left the platform of the carousel, three witnesses testify that she jumped from the platform after the the carousel had revolved several times and while it was in motion.

64

They are the operator of the carousel and two disinterested witnesses who happened to be inside of the carousel at the moment of the accident,and who say they saw it all,and picked up the plaintiff after she had fallen.The veracity of these witnesses has not been impeached.We are bound to believe them.At any rate theri testimony throws so much doubt upon the facts alleged by plaintiff as to defeat her right of recovery. Plaintiff must establish her claim with reasonable certainty.

It is therefore ordered that the judgment herein be affirmed.

Judgment affirmed.

March 19th 1923 .